UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH R. REID, | |
| Petitioner, | CIVIL ACTION NO. 1:15-CV-01355 |
| v. | (RAMBO, J.)<br>(SAPORITO, M.J.) |
| DAVID J. EBBERT, | |
| Respondent. | |

**REPORT AND RECOMMENDATION**

On July 10, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by petitioner Kenneth R. Reid on July 3, 2015. (Doc. 1). At the time of filing, Reid was incarcerated at USP Lewisburg, located in Union County, Pennsylvania.

Reid challenges his conviction and sentence in the United States District Court for the District of South Carolina for conspiracy to distribute cocaine base, murder through the use of a firearm in the course of a drug trafficking crime, and two counts of unlawful possession of a firearm. *United States v. Reid*, Criminal No. 0:04-353 (D.S.C. Aug. 4, 2006), *aff'd* 523 F.3d 310 (4th Cir. 2008), *cert. denied*, 555 U.S. 1061 (2008). He was sentenced to life in prison on the murder charge, 240

months in prison for the drug conspiracy charge, and 120 months each for the two firearm charges, all to run concurrently. (Doc. 1-2, at 9). The petition alleges that Reid is actually and factually innocent of the drug conspiracy charge because that count of the indictment against him was constructively amended at trial, depriving him of his rights under the Fifth and Sixth Amendments to the United States Constitution. He does not challenge his conviction and sentence with respect to the other charges.

Reid has previously attempted to challenge his conviction and sentence by filing several motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, each of which was denied by the sentencing court. *See United States v. Reid*, Criminal No. 0:04-353, 2010 WL 3724663 (D.S.C. Sept. 17, 2010) (order denying § 2255 motion), *reconsideration denied*, 2011 WL 285867 (Jan. 27, 2011), *appeal dismissed*, 419 Fed. App'x 310 (4th Cir. 2011) (per curiam); *United States v. Reid*, Criminal No. 0:04-353, 2012 WL 8287390 (D.S.C. Sept. 26, 2012) (order dismissing motion liberally construed as an unauthorized successive § 2255 motion), *aff'd in part, appeal dismissed in part*, 506 Fed. App'x 209 (4th Cir. 2013) (per curiam), *cert. denied*, 133 S. Ct. 2872 (2013); *United States v. Reid*,

Criminal No. 0:04-353 (D.S.C. July 18, 2013) (order dismissing unauthorized successive § 2255 motion), *appeal dismissed*, 539 Fed. App'x 271 (4th Cir. 2013) (per curiam); *United States v. Reid*, Criminal No. 0:04-353 (D.S.C. Dec. 17, 2014) (order dismissing motion liberally construed as an unauthorized successive § 2255 motion), *appeal dismissed*, 600 Fed. App'x 143 (4th Cir. 2015) (per curiam). He has also previously filed a § 2241 petition seeking habeas relief pursuant to the "savings clause" of § 2255, which was denied for failure to demonstrate that a § 2255 remedy was inadequate or ineffective. *See Reid v. Daniels*, Civil Action No. 12-cv-01780, 2012 WL 3099996 (D. Colo. July 30, 2012) (dismissal order), *appeal dismissed*, No. 12-1304 (10th Cir. Oct. 26, 2012).

Under § 2241, a federal prisoner may challenge the *execution* of his sentence—such as a claim concerning the denial or revocation of parole, or the loss of good-time credits—in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v.*

*Bush*, 553 U.S. 723, 774–75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

In the instant petition, Reid challenges the imposition of his sentence, not its execution. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). He cannot meet this burden by showing

that a prior § 2255 motion was denied by the sentencing court. *Litterio*, 369 F.2d at 395; *Brown*, 167 F. Supp. 2d at 726. Nor is a § 2255 motion "inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require a federal prisoner to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court. *See Brown*, 167 F. Supp. 2d at 726–27. Reid cannot avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a § 2241 petition instead. *Brown*, 167 F. Supp. 2d at 727 (citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply.

Dated: July 20, 2015               *s/ Joseph F. Saporito, Jr.*
                                   JOSEPH F. SAPORITO, JR.
                                   United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH R. REID, | |
| Petitioner, | CIVIL ACTION NO. 1:15-CV-01355 |
| v. | (RAMBO, J.) |
| | (SAPORITO, M.J.) |
| DAVID J. EBBERT, | |
| Respondent. | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated July 20, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

- 2 -

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: July 20, 2015**              *s/ Joseph F. Saporito, Jr.*
                                      JOSEPH F. SAPORITO, JR.
                                      United States Magistrate Judge