IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH R. REID,** : | **CIVIL NO. 1:15-CV-1355** |
| Petitioner : | |
| : | **(Judge Rambo)** |
| v. : | **(Magistrate Judge Saporito)** |
| **DAVID J. EBBERT,** : | |
| Respondent : | |

# M E M O R A N D U M

Before the court is a report and recommendation (Doc. 5) of the magistrate judge to whom this matter was referred in which he recommends that the motion for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Kenneth R. Reid be dismissed. Reid has filed objections (Doc. 7) to the report and recommendation and a motion to amend the petition (Doc . 6) to "challenge to the validity of my indictment." Service of the petition was not directed and therefore, there is no response from the Respondent. The matter is ripe for disposition.

**I.      Background**

Reid challenges his conviction and sentence he received in the United States District Court for the District of South Carolina. He has filed a direct appeal where his conviction and sentence was affirmed. (*United States v. Reid*, 523 F3d 310 (4th Cir. 2008). Reid has filed several motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 (*see* Doc. 5 at pp 2-3), all of which were denied and appeals therefrom denied.

In the instant motion, Reid claims that he is not challenging the validity of his conviction or sentence but is challenging the validity of his indictment. He alleges that because of the trial judge's erroneous jury charge, count 1 of the indictment was constructively amended and that, as amended, he was innocent of the charge.

## II.    Discussion

As the magistrate judge opined, a writ filed pursuant to 28 U.S.C. § 2241 is to challenge the execution of a sentence and that Reid's instant petition challenges his sentence and conviction. Therefore, the proper procedure Reid should follow is by way of a petition pursuant to 28 U.S.C. § 2255.

Reid disputes that his cause of action is via a § 2255. He claims that because of the constructive amendment of the indictment, his Fifth and Sixth Amendment rights were violated as were his due process rights. He further alleges that because of the constructive amendment, he is factually innocent of the amended charge. Reid's allegations, no matter how phrased, are still challenges to his conviction and sentence.

Reid's conviction occurred in 2007. The instant motion was filed in 2015, more than seven years after his conviction. The basis for his instant petition is not based on any new found evidence that would support a claim of actual innocence. *See Herrera v. Collins*, 506 U.S. 390 (1993). In fact, Reid's argument concerning the alleged erroneous jury charge was raised in his direct appeal where the appeals court thoroughly discussed and decided against Reid. *See United States v. Reid*, 523 F.3d at 310, *cert. denied*, 555 U.S. 1061 (2008). Thus, the argument

could be raised that the captioned action constitutes an abuse of the writ. *McCleskey v. Superintendent, Georgia Diagnostic and Classification Center*, 499 U.S. 467 (1990).

  The petition filed pursuant to § 2241 will be denied for the following reasons: (1) the proper writ should be pursuant to 28 U.S.C. § 2255; (2) this issue was previously raised and dismissed and, therefore, the decision of the Fourth Circuit Court of Appeals constitutes the law of the case.

### III.   Conclusion

  For the preceding reasons, the petition filed pursuant to 28 U.S.C. § 2241 will be denied. An appropriate order will be issued.

            s/Sylvia H. Rambo
            United States District Judge

Dated: August 12, 2015.