IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH R. REID,** | : | **CIVIL NO. 1:15-CV-1355** |
| Petitioner | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Saporito)** |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

# M E M O R A N D U M

Before the court is Petitioner Kenneth R. Reid's motion for reconsideration of this court's August 12, 2015 order that adopted the report and recommendation of Magistrate Judge Saporito and dismissed without prejudice Reid's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the motion will be denied.

## I. Background

Reid is a federal prisoner housed at the United States Penitentiary at Lewisburg, Pennsylvania. He was convicted and sentenced in the United States District Court for the District of South Carolina. Those convictions consisted of conspiracy to distribute cocaine base, murder, and two counts of unlawful possession of a firearm. (Doc. 5 at pp. 2-3.)

In his petition filed pursuant to 28 U.S.C. § 2241, he challenged his conviction on the conspiracy charge, alleging the conspiracy count in the indictment against him was constructively amended at trial. The magistrate judge recommended

that the petition be dismissed without prejudice to file a § 2255 motion subject to pre-authorization requirements of 28 U.S.C. § 2244 and § 2255(h). (Doc. 5.) The court adopted the report and recommendation by order of August 12, 2015 (doc. 9). Reid's motion for reconsideration (Doc. 10) was filed August 28, 2015.

**II.      Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his present motion for reconsideration, Reid alleges that a section 2241(c)(3) is an exception to the requirement that a person challenging his conviction and sentence must file through a § 2255. Subsection (c)(3) of 28 U.S.C. § 2241 provides:

2

> The writ of habeas corpus shall not extend to a prisoner unless –
>> (3) he is in custody in violation of the constitution or laws or treaties of the United States; . . . .

Reid claims he is in custody in violation of his constitutional rights as he is innocent of the drug conspiracy crime because of the constructive amendment of the indictment. He cites to *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) and *Herrera v. Collins*, 506 U.S. 390 (1993) in support of his use of 28 U.S.C. § 2241(c)(3) as a means of seeking relief. These cases are of no help to Reid. The theory Reid presents is not based on after discovered evidence. In *McCleskey*, the petitioner was denied relief because his claim was presented for the first time in a subsequent habeas petition and held that the failure to raise his claim constituted an abuse of the writ. In *Herrera*, the Court held that a claim of actual innocence does not entitle the petitioner to federal habeas relief. (*Id.* at 398-419.)

## III.     Conclusion

As noted in this court's memorandum of August 12, 2015 (Doc. 8), Reid raised this issue in his direct appeal and it was decided against him. He cannot raise it again in a motion § 2241 motion or one for reconsideration. Thus, the motion for reconsideration is improper and will be denied. An appropriate order will be issued.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: September 1, 2015.