UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH R. REID, <br><br> Petitioner, <br><br> v. <br><br> DAVID J. EBBERT, <br><br> Respondent. | CIVIL ACTION NO. 1:15-CV-01355 <br><br> (RAMBO, J.) <br> (SAPORITO, M.J.) |

## REPORT AND RECOMMENDATION

On July 10, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by petitioner Kenneth R. Reid on July 3, 2015. (Doc. 1). At the time of filing, Reid was incarcerated at USP Lewisburg, located in Union County, Pennsylvania. This matter is now before the Court on Reid's amended petition. (Doc. 16; *see also* Doc. 17).

I. STATEMENT OF THE CASE

Reid challenges his conviction and sentence in the United States District Court for the District of South Carolina for conspiracy to distribute cocaine base, murder through the use of a firearm in the course of a drug trafficking crime, and two counts of unlawful possession of a

firearm.[1] *United States v. Reid*, Criminal No. 0:04-353 (D.S.C. Aug. 4, 2006), *aff'd*, 523 F.3d 310 (4th Cir. 2008), *cert. denied*, 555 U.S. 1061 (2008). He was sentenced to life in prison on the murder charge, 240 months in prison for the drug conspiracy charge, and 120 months each for the two firearm charges, all to run concurrently. (Doc. 1-2, at 9). The petition alleges that Reid is actually and factually innocent of the drug conspiracy charge because that count of the indictment against him was constructively amended at trial, depriving him of his rights under the Fifth and Sixth Amendments to the United States Constitution. He does not challenge his conviction and sentence with respect to the other charges.

Reid has previously attempted to challenge his conviction and sentence by filing several motions to vacate, set aside, or correct sentence

---

[1] In his various submissions, Reid suggests that his petition challenges the validity of the grand jury indictment against him rather than his conviction and sentence, seeking to avoid the ambit of 28 U.S.C. § 2255. But this is a distinction without a difference. He is currently in custody pursuant to a federal conviction and sentence, not the indictment. The indictment was merely a predicate to the criminal proceedings that culminated in his conviction and sentence. The relief he seeks is "immediate court ordered release from unlawful custody" (Doc. 1, at 8), which would require the setting aside of his conviction and sentence.

pursuant to 28 U.S.C. § 2255, each of which asserted this same issue,[2] and each of which was denied by the sentencing court. His first § 2255 motion was denied on the merits by the sentencing court in September 2010. *See United States v. Reid*, Criminal No. 0:04-353, 2010 WL 3724663 (D.S.C. Sept. 17, 2010) (order denying § 2255 motion), *reconsideration denied*, 2011 WL 285867 (Jan. 27, 2011), *appeal dismissed*, 419 Fed. App'x 310 (4th Cir. 2011) (per curiam). He filed three additional motions, each of which was dismissed for lack of jurisdiction as an unauthorized successive § 2255 motion. *See United States v. Reid*, Criminal No. 0:04-353, 2012 WL 8287390 (D.S.C. Sept. 26, 2012) (order dismissing motion liberally construed as an unauthorized successive § 2255 motion), *aff'd in part, appeal dismissed in part*, 506 Fed. App'x 209 (4th Cir. 2013) (per curiam), *cert. denied*, 133 S. Ct. 2872 (2013; *United States v. Reid*, Criminal No. 0:04-353 (D.S.C. July 18, 2013) (order dismissing unauthorized successive § 2255 motion), *appeal dismissed*, 539 Fed. App'x 271 (4th Cir. 2013) (per curiam); *United States v. Reid*, Criminal No. 0:04-353 (D.S.C. Dec. 17, 2014) (order dismissing motion liberally construed as an unauthorized

---

[2] His first § 2255 motion cast the issue as an ineffective-assistance-of-counsel claim based on his defense attorney's failure to advance this claim. The others raised it directly.

successive § 2255 motion), *appeal dismissed*, 600 Fed. App'x 143 (4th Cir. 2015) (per curiam).

Reid has also previously filed a § 2241 petition in another court, seeking habeas relief pursuant to the "savings clause" of § 2255, which was denied for failure to demonstrate that a § 2255 remedy was inadequate or ineffective. *See Reid v. Daniels*, Civil Action No. 12-cv-01780, 2012 WL 3099996 (D. Colo. July 30, 2012) (dismissal order), *appeal dismissed*, No. 12-1304 (10th Cir. Oct. 26, 2012). His § 2241 petition in the District of Colorado likewise raised the same issue presented in the instant petition.

The instant § 2241 petition was filed on July 10, 2015. (Doc. 1). On July 20, 2015, the undersigned magistrate judge entered a report recommending that the petition be dismissed for lack of jurisdiction without prejudice to Reid's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they might apply. (Doc. 5). Reid filed objections to the report and recommendation. (Doc. 7). On August 12, 2015, the Court adopted the report and recommendation and dismissed the petition without prejudice. (Doc. 8; Doc. 9). Reid moved for reconsideration, which was denied on September 1, 2015. (Doc. 10; Doc. 11; Doc. 12).

On September 23, 2015, Reid filed a "motion of rebuttal," presenting further argument on his dismissed habeas claims. (Doc. 14). On September 24, 2015, the Court dismissed the "motion of rebuttal," but granted Reid leave to file an amended petition by a date certain. (Doc. 15). On October 7, 2015, the Court received and filed Reid's amended petition. (Doc. 16; *see also* Doc. 17). The amended petition was referred to the undersigned for consideration on October 29, 2015. (Doc. 19). On November 5, 2015, Reid filed a "response" to the Order of October, 29, 2015, presenting further argument in support of his habeas claims. (Doc. 20).

## II.  DISCUSSION

Under § 2241, a federal prisoner may challenge the *execution* of his sentence—such as a claim concerning the denial or revocation of parole, or the loss of good-time credits—in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008); *see also Swain v. Pressley*, 430 U.S.

372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

In the instant petition, Reid challenges the imposition of his sentence, not its execution. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). He cannot meet this burden by showing that a prior § 2255 motion was denied by the sentencing court. *Litterio*,

369 F.2d at 395; *Brown*, 167 F. Supp. 2d at 726. Nor is a § 2255 motion "inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require a federal prisoner to obtain pre-authorization from the appropriate appellate court before filing a second or subsequent § 2255 motion in the sentencing court. *See Brown*, 167 F. Supp. 2d at 726–27. Reid cannot avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a § 2241 petition instead. *Brown*, 167 F. Supp. 2d at 727 (citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

Reid's amended petition simply restates the claims advanced in his original petition, elaborating further on his theory of relief and imploring the Court to permit him a hearing on the merits of his claims. Reid contends that he is actually and factually innocent of the drug conspiracy charge for which he was convicted because that count of the indictment against him was constructively amended at trial, depriving him of his rights under the Fifth and Sixth Amendments to the United States Constitution. In particular, Reid notes that Count 1 of the second superseding indictment against him charged:

> That beginning at a time unknown to the grand jury, but beginning at least early 2000, and continuing

>thereafter, up to and including the date of this Second Superseding Indictment, in the District of South Carolina and elsewhere, the Defendants, KENNETH ROSHAUN REID, PATRICK RAY SIMPSON and SAMUEL LARELL ANDERSON, knowingly and intentionally did combine, conspire and agree with each other and others both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine) and 500 grams or more of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and (b)(1)(B);
>
>All in violation of Title 21, United States Code, Section 846.

(Doc. 1-2, at 1–2; Doc. 20, at 1–2). Reid was tried before a petit jury, which, on a special verdict form, found him guilty of conspiracy to possess with intent to distribute and to distribute an *undetermined* amount of cocaine base (or "crack" cocaine). (Doc. 1-2, at 3–5; Doc. 20-1, at 11–13). The special verdict form indicated that the jury considered and explicitly rejected findings that the conspiracy involved (a) 50 grams or more of cocaine base, or (b) 5 grams or more of cocaine base. (Doc. 1-2, at 3; Doc. 20-1, at 11). The special verdict form also indicated that the jury considered and found Reid not guilty of conspiracy to possess with intent to distribute and to distribute cocaine. (Doc. 1-2, at 5; Doc. 20-1, at 13).

As previously noted by the Court in dismissing the original petition

(Doc. 8, at 2), Reid raised this same argument on direct appeal, where it was denied on the merits. *See Reid*, 523 F.3d at 315–17. Reid also raised the same grounds in four separate § 2255 motions before the sentencing court and in a prior § 2241 petition filed while he was incarcerated in another judicial district. In each instance, his challenge was denied or dismissed. On direct appeal and in his first § 2255 motion, his claims were denied on the merits. Moreover, Reid's claim is patently meritless, as the indictment specifically identified the substantive offense as conspiracy to violate § 841(a)(1), which prohibits the possession with intent to distribute or distribution of controlled substances, including cocaine base. *See United States v. Herron*, 757 F. Supp. 2d 525, 534–35 (E.D. Pa. 2010). Although § 841(b)(1)(C) was not explicitly set forth in the text of the indictment, it is merely a penalty provision applied to the substantive offense in § 841(a)(1), subsumed by the penalty provisions of § 841(b)(1)(A) and (B) explicitly referenced in the indictment, and thus the indictment provided Reid with sufficient notice that he had to defend a charge of conspiracy to possess with intent to distribute and distribute *any* quantity of cocaine base. *See id.* Under these circumstances, this petition might ordinarily be denied as an abuse of the writ. *See Sanders v. United States*, 373 U.S. 1,

15–17 (1963) (same ground presented in prior application); *see also McCleskey v. Zant*, 499 U.S. 467, 489–96 (1990) (new ground omitted in prior application); *Sanders*, 373 U.S. at 17–19 (same). But, in the absence of a showing that Reid's § 2255 remedy is inadequate or ineffective, this Court lacks jurisdiction to proceed even that far. *See* 28 U.S.C. § 2255(e); *Litterio*, 369 F.2d at 395; *Brown*, 167 F. Supp. 2d at 726–27.

Reid argues in favor of this Court's exercise of jurisdiction under 28 U.S.C. § 2241 that he is "actually and factually innocent" of the offense for which he was convicted. But merely asserting his "actual innocence" does not render the § 2255 remedy inadequate or ineffective. *See Brown v. Bledsoe*, 367 Fed. App'x 294, 295 (3d Cir. 2010) (per curiam). Indeed, Reid has failed to present any evidence of his *factual* innocence at all, but merely argument that his conviction is legally and procedurally defective.[3] *See House v. Bell*, 547 U.S. 518, 536–37 (2006); *Galeano v. United States*, Civil No. 08-2392 (JEI), 2008 WL 2705018, at *3 & n.3 (D.N.J. July 8, 2008). Nor has he shown that the conduct for which he was convicted—conspiracy to possess with intent to distribute and to distribute an

---

[3] As noted above, his legal arguments are patently meritless. *See Herron*, 757 F. Supp. 2d at 534–35.

undetermined amount of cocaine base—has been decriminalized by a subsequent Supreme Court decision. *See In re Dorsainvil,* 119 F.3d 245, 253 (3d Cir. 1997) (Stapleton, J., concurring) ("§ 2255 is 'inadequate or ineffective' in a situation in which a successive petitioner can allege both that the Supreme Court, since his last petition, has interpreted the statute under which he was convicted in a new way and that his conduct was lawful under the statute as subsequently interpreted."); *see also Chapman v. Mairoanna,* 521 Fed. App'x 44, 46 (3d Cir. 2013) (per curiam); *Galeano,* 2008 WL 2705018, at *3 & n.5. Under similar circumstances, the Third Circuit has repeatedly held that a federal prisoner's claim challenging the constructive amendment of his indictment at trial may not be brought under § 2241, but instead must be raised by § 2255 motion in the sentencing court. *See Young v. Yost,* 363 Fed. App'x 166, 168–69 (3d Cir. 2010) (per curiam); *Fonseca v. Sherman,* 229 Fed. App'x 183, 184–85 (3d Cir. 2007) (per curiam); *In re Fonseca,* 182 Fed. App'x 100, 100–01 (3d Cir. 2006) (per curiam).

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the amended petition (Doc. 16) be **DISMISSED WITHOUT PREJUDICE** to the petitioner's

right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply.

Dated: November 24, 2015       *s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH R. REID,<br><br>   Petitioner,<br><br>   v.<br><br>DAVID J. EBBERT,<br><br>   Respondent. | CIVIL ACTION NO. 1:15-CV-01355<br><br>(RAMBO, J.)<br>(SAPORITO, M.J.) |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November 24, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

- 2 -

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: November 24, 2015**      *s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**