IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH R. REID,                    :
                               :   **Civ. No. 1:15-cv-1355**
        **Petitioner**              :
                               :
    **v.**                            :
                               :   **Judge Rambo**
**DAVID J. EBBERT,**                 :
                               :   **Magistrate Judge Saporito**
       **Respondent**               :

## M E M O R A N D U M

Before the court is a report and recommendation filed by the magistrate judge in which he recommends that Reid's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241(c)(3) be dismissed without prejudice to file a 28 U.S.C. § 2255 motion before the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and § 2255(h) as they may apply.  (Doc. 21.)

The instant petition is an amended petition.  The history of this petition is set forth by the magistrate judge in the report and recommendation (Doc. 21, pp. 4-5) and will not be repeated here.

The essence of Reid's claim is that he is not guilty of one of the crimes with which he was found guilty – conspiracy to distribute cocaine base.  He claims the indictment on this count was constructively amended at trial, depriving him of his rights under the Fifth and Sixth Amendments of the United States Constitution.

Count 1 of the second superseding indictment charged:

That beginning at a time unknown to the grand jury,
but beginning at least early 2000, and continuing thereafter, up

Case 1:15-cv-01355-SHR   Document 25   Filed 01/05/16   Page 2 of 4

to and including the date of this Second Superseding Indictment, in the District of South Carolina and elsewhere, the Defendants, KENNETH ROSHAUN REID, PATRICK RAY SIMPSON and SAMUEL LARELL ANDERSON, knowingly and intentionally did combine, conspire and agree with each other and others both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine) and 500 grams or more of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and (b)(1)(B);

All in violation of Title 21, United States Code, Section 846.

(Doc. 1-2, pp. 1-2 of 12.)

The district court provided the jury with a special verdict form containing three questions as to Count 1. The first was whether the jury found Reid "guilty of conspiracy to possess with intent to distribute and to distribute cocaine base (commonly known as "crack cocaine")." (Doc. 1-2, p. 3 of 12.) The jury answered "yes" to this question. The second and third questions gave the jury two options relating to the amount of cocaine base involved in the conspiracy, asking whether the jury found that the conspiracy involved 50 grams or more of cocaine base, or the lesser amount of 5 grams or more of cocaine base. (*Id.*) The jury answered "no" to both questions. (*Id.*)

2

Reid claims that the failure of the jury to find the amounts of the drugs made him innocent of the conspiracy charge and that he was also prejudiced by receiving an enhanced penalty on that charge.  (Doc. 23, p. 1.)

Both of these claims have been presented to the Fourth Circuit Court of Appeals, and that opinion was adverse to Reid on both issues.  *U.S. v. Reid*, 523 F.3d 310, 316 (4th Cir. 2008).

Furthermore, the magistrate judge is correct when he opines that a federal prisoner's claim challenging the constructive amendment of an indictment at trial may not be brought under § 2241, but must be raised by a § 2255 motion in the sentencing court.  (Doc. 21, p. 11) (citations omitted).

The report and recommendation is an excellent treatise on the law applicable to this case.  To permit Reid to raise the same issue in another forum would be futile and a waste of judicial resources.  The case before the Fourth Circuit, *supra*, is the law of the case on the issue of Count 1 in the indictment.  The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.  *Arizona v. California*, 460 U.S. 605, 618 (1983) (citation omitted). The purpose of this doctrine is to promote the "judicial system's interest in finality and in efficient administration." *Todd and Co., Inc. v. SEC*, 637 F.2d 154, 156 (3d Cir. 1980).

Based on the foregoing, the report of the magistrate judge will be adopted.  However, the recommendation will be rejected.  An appropriate order will issue.

          s/Sylvia H. Rambo
          United States District Judge

Dated: January 5, 2016