IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH R. REID,** | : | |
| **Petitioner** | : | **Civ. No. 1:15-cv-1355** |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| | : | **Sylvia H. Rambo** |
| **Respondent** | : | |

## M E M O R A N D U M

Before the court is a motion for reconsideration (Doc. 27) of this court's

memorandum and order of January 5, 2016 (Doc. 5.).  In the order, this court

adopted the report and recommendation of the magistrate judge but declined to

adopt the recommendation that Reid be given the opportunity to file an appropriate

§ 2255 motion in the proper court.  (Doc. 26.)  Instead, the order dismissed the

petition for a writ of habeas corpus with prejudice.  (*Id.*)

The instant motion alleges that the magistrate judge wrongfully treated

Reid's 28 U.S.C. § 2241 petition as a § 2255 motion.  He claims that he is

challenging his sentence on Count 1 and Count 4 of his indictment.  A brief history

of his continuing attack on this sentence follows:[1]

> [In his § 2241 petition,] Reid challenges his
> conviction and sentence in the United States District Court for
> the District of South Carolina for conspiracy to distribute
> cocaine base, murder through the use of a firearm in the course
> of a drug trafficking crime, and two counts of unlawful

---

[1]   These facts are taken from the report and recommendation filed by Magistrate Judge Saporito.
(Doc. 21, pp. 1-5.)

possession of a firearm.  *United States v. Reid*, Criminal No. 0:04-353 (D.S.C. Aug. 4, 2006), *aff'd*, 523 F.3d 310 (4th Cir. 2008), *cert. denied*, 555 U.S. 1061 (2008).  He was sentenced to life in prison on the murder charge, 240 months in prison for the drug conspiracy charge, and 120 months each for the two firearm charges, all to run concurrently. (Doc. 1-2, at 9).  The petition allege[d] that Reid is actually and factually innocent of the drug conspiracy charge because that count of the indictment against him was constructively amended at trial, depriving him of his rights under the Fifth and Sixth Amendments to the United States Constitution.  He does not challenge his conviction and sentence with respect to the other charges.

Reid has previously attempted to challenge his conviction and sentence by filing several motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, each of which asserted this same issue, and each of which was denied by the sentencing court.  His first § 2255 motion was denied on the merits by the sentencing court in September 2010.  *See United States v. Reid*, Criminal No. 0:04-353, 2010 WL 3724663 (D.S.C. Sept. 17, 2010) (order denying § 2255 motion), *reconsideration denied*, 2011 WL 285867 (Jan. 27, 2011), *appeal dismissed*, 419 Fed. App'x 310 (4th Cir. 2011) (per curiam).  He filed three additional motions, each of which was dismissed for lack of jurisdiction as an unauthorized successive § 2255 motion.  *See United States v. Reid*, Criminal No. 0:04-353, 2012 WL 8287390 (D.S.C. Sept. 26, 2012) (order dismissing motion liberally construed as an unauthorized successive § 2255 motion), *aff'd in part, appeal dismissed in part*, 506 Fed. App'x 209 (4th Cir. 2013) (per curiam), *cert. denied*, 133 S. Ct. 2872 (2013; *United States v. Reid*, Criminal No. 0:04-353 (D.S.C. July 18, 2013) (order dismissing unauthorized successive § 2255 motion), *appeal dismissed*, 539 Fed. App'x 271 (4th Cir. 2013) (per curiam); *United States v. Reid*, Criminal No. 0:04-353 (D.S.C. Dec. 17, 2014) (order dismissing motion liberally construed as an unauthorized successive § 2255 motion), *appeal dismissed*, 600 Fed. App'x 143 (4th Cir. 2015) (per curiam).

Reid has also previously filed a § 2241 petition in another court, seeking habeas relief pursuant to the "savings clause" of § 2255, which was denied for failure to demonstrate that a § 2255 remedy was inadequate or ineffective. *See Reid v. Daniels*, Civil Action No. 12-cv-01780, 2012 WL 3099996 (D. Colo. July 30, 2012) (dismissal order), *appeal dismissed*, No. 12-1304 (10th Cir. Oct. 26, 2012). His § 2241 petition in the District of Colorado likewise raised the same issue presented in the instant petition.

The [ ] § 2241 petition [before this] was filed on July 10, 2015. (Doc. 1). On July 20, 2015, the [ ] magistrate judge entered a report recommending that the petition be dismissed for lack of jurisdiction without prejudice to Reid's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they might apply. (Doc. 5). Reid filed objections to the report and recommendation. (Doc. 7). On August 12, 2015, the Court adopted the report and recommendation and dismissed the petition without prejudice. (Doc. 8; Doc. 9). Reid moved for reconsideration, which was denied on September 1, 2015. (Doc. 10; Doc. 11; Doc. 12).

On September 23, 2015, Reid filed a "motion of rebuttal," presenting further argument on his dismissed habeas claims. (Doc. 14). On September 24, 2015, the Court dismissed the "motion of rebuttal," but granted Reid leave to file an amended petition by a date certain. (Doc. 15). On October 7, 2015, the Court received and filed Reid's amended petition. (Doc. 16; *see also* Doc. 17). The amended petition was referred to the [magistrate judge] for consideration on October 29, 2015. (Doc. 19). On November 5, 2015, Reid filed a "response" to the Order of October, 29, 2015, presenting further argument in support of his habeas claims. (Doc. 20).

(Doc. 21, pp. 1-5.)

As noted above, the undersigned adopted the report of the magistrate

judge, but dismissed the petition without prejudice.  In his motion for

reconsideration, Reid alleges that the magistrate judge wrongfully treated his §

2241 motion as one under § 2255.  He alleges that he has not challenged the

constructive amendment of his indictment, but that he is challenging the execution

of his sentence.  (Doc. 27, p. 3.)  A reading of all prior documents filed by Reid

show that he specifically attacked the indictment in his case.  In his motion for

reconsideration, he again cites to the alleged defective indictment while claiming

that he is challenging the execution of his sentence.  (Doc. 27, p. 3.)  At page four

of his motion, he states:  "Movant's sentence is what he challenges, Not his

Indictment."  (*Id.* at p. 3.)  He alleges that the sentencing court erred in sentencing

him on Counts  1 and 4 of the indictment.  (*Id.* at p. 6.)  This new allegation

confirms the magistrate judge's opinion that a challenge to the validity of a

sentence must be brought pursuant to 28 U.S.C. § 2255 filed before the sentencing

court.  (Doc. 21, p. 5.)

   To the extent that Reid's petition could still be considered an attack on

his indictment, that also must be raised by a § 2255 motion in the sentencing court.

*See Young v. Yost*, 363 F. App'x 166, 168-69 (3d Cir. 2010).

   Accordingly, the motion for reconsideration will be denied.

        s/Sylvia H. Rambo   
        SYLVIA H. RAMBO
        United States District Judge

Dated: January 25, 2016